IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HAMID B. MOHAMMED,

    Petitioner,

v.

CIVIL ACTION NO. CV205-070

HOMELAND SECURITY SERVICES;
ATTORNEY GENERAL; DISTRICT
DIRECTOR OF HOMELAND
SECURITY SERVICES; WARDEN,
FCI, Jesup, and STATE OF FLORIDA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Hamid Mohammed ("Mohammed"), an inmate formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondents filed a Response and a Supplemental Response. For the reasons which follow, Mohammed's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Mohammed pleaded guilty to one count of dealing in stolen property and one count of obtaining money from a pawn shop by fraud in Helsboro County Circuit Court in Florida. (Resp., p. 3.) Thereafter, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Mohammed, a citizen of Trinidad. United States Immigration Judge Charles J. Sanders conducted a removal hearing and concluded that Mohammed was removable from this country due to his Florida convictions. (Resp., p. 4.)

AO 72A
(Rev. 8/82)

Mohammed appealed Judge Sanders' opinion, and the Board of Immigration Appeals ("BIA") denied his appeal. (Id.; Resp'ts' Ex. A.)

Mohammed, in the instant petition, seeks review of the removal order entered by Judge Sanders.[1] (Doc. No. 1, p. 2.)

## DISCUSSION AND CITATION TO AUTHORITY

On May 11, 2005, President George W. Bush signed into law the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231. See Chacon-Botero v. United States Attorney General, ___ F.3d ___, 2005 WL 2456877, at *2 (11th Cir. Oct. 6, 2005). Section 106(a) of the Real ID Act of 2005 amended Section 242 of the Immigration and Nationality Act, codified at 8 U.S.C.A. § 1252, and clarifies that district courts lack jurisdiction to review any removal order for an alien. Moreover, section 106(c) of the Real ID Act of 2005 provides that:

> If an alien's case, brought pursuant to section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court *shall* transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C.[A.] 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (8 U.S.C.[A.] 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1)[2] of such section shall not apply.

---

[1] Mohammed asserts that he was convicted after a jury trial in the Middle District of Florida for illegal re-entry into the United States. (Doc. No. 1, p. 2.) The undersigned presumes that it was due to this conviction that Mohammed was incarcerated at FCI Jesup. According to the Respondents, Mohammed was released from FCI Jesup on May 27, 2005. (Supp. Resp., p. 2 n.1.)

[2] "The petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C.A. § 1252(b)(1).

2

(Emphasis added). Section 106(b) of the Real ID Act of 2005 states that amendments made by this Act shall take effect on May 11, 2005, and "shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after" May 11, 2005.

Mohammed filed the instant section 2241 petition on March 24, 2005. He seeks review of the removal order entered on March 16, 1999. As Mohammed's petition was pending in this Court on May 11, 2005, the date the Real ID Act of 2005 was enacted, this Court is without jurisdiction to review his petition. See Section 106(c) of the Real ID Act of 2005.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mohammed's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241 (Doc. No. 1), be **DISMISSED** and that this cause of action be **TRANSFERRED** to the Eleventh Circuit Court of Appeals for further disposition.

**SO REPORTED** and **RECOMMENDED**, this 25 day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)